Submitted October 3, 2008, affirmed July 15, 2009

John L. LANE,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
07AB2273; A138102

213 P3d 9

John L. Lane filed the brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Claimant seeks judicial review of an order of the Employment Appeals Board (the board). In that order, the board concluded that claimant's former employer was a "base year employer" and, as a consequence, reduced claimant's unemployment benefits because he was receiving retirement payments from a plan to which that employer had contributed. We review for substantial evidence and errors of law, ORS 657.282; ORS 183.482(8), and affirm.

We take the operative, undisputed facts from the board's order as supplemented by the record. Claimant was employed by the state's Department of Veterans' Affairs (DVA) until 2000. During his employment, DVA "contributed to claimant's retirement plan"—that is, the Public Employees Retirement System (PERS). Further, as pertinent to this case, "[c]laimant was [a] party to a class action lawsuit against [DVA] for overtime pay allegedly earned from July 1995 to July 1997. In November 2006, [DVA] paid claimant overtime pay for that period as part of a settlement agreement."[1]

Thereafter, as we understand it, beginning in April 2006, claimant worked for the Salem-Keizer Transit District. That employment ended in early 2007.

In October 2007, claimant filed an initial claim for unemployment benefits and "a weekly claim for benefits for the week of October 7 through October 13, 2007, the week at issue." (Footnote omitted.) Claimant's "base year was July 1, 2006 through June 30, 2007"—that is, the year during which he received the overtime pay from DVA as part of the settlement agreement. Also, in October 2007, claimant received a monthly PERS payment of $1,692.

Initially, an adjudicator issued an administrative decision in which he determined that claimant was entitled

---

[1] As context, the action in which claimant was a plaintiff was a class action suit against the State of Oregon in which certain executive, administrative, supervisory, and professional state employees successfully asserted that, due to a change in the wording of a wage and hour statute, they were entitled to overtime compensation for a particular two-year period. *See, e.g., Young v. State of Oregon,* 340 Or 401, 133 P3d 915 (2006) (generally describing the history of that litigation).

to weekly unemployment benefits at a reduced rate because of claimant's receipt of PERS retirement payments. After a hearing, an administrative law judge (ALJ) affirmed that decision, reasoning that,

> "[d]uring claimant's base year, claimant received wages from [DVA]. That employer contributed to a retirement fund through which claimant was eligible to receive retirement benefits. Claimant's retirement pay amounted to $1692 per month or $390 per week.
>
> "Accordingly, because claimant received retirement benefits during the period in issue, that did not exceed his weekly benefit amount, claimant is eligible to receive unemployment insurance benefits at a reduced rate."

(Footnote omitted.) In sum, as we understand it, claimant's weekly benefit of $463 was reduced by a pro rata share of the monthly PERS payment—that is, $390—to $73. Claimant appealed the ALJ's order to the board.

The board affirmed. Its analysis was based on ORS 657.205, the statute that governs the effect of the receipt of a claimant's retirement payments on his or her unemployment benefits. As pertinent to this case, ORS 657.205 provides, in part:

> "(1)   Subject to the provisions of subsections (2) to (5) of this section, an individual is disqualified for benefits for any week with respect to which the individual is receiving, will receive, or has received a governmental or other pension, retirement or retired pay, annuity, or other similar periodic payment based on the previous work of the individual, if payment is received under a plan maintained or contributed to *by a base year employer* of the individual.
>
> "(2)   In determining disqualification for any week under subsection (1) of this section, if the remuneration and payments referred to in subsection (1) of this section cover a period greater than and include such week, a pro rata share of such remuneration and payments shall be apportioned to such week or weeks. * * *
>
> "* * * * *
>
> "(5)   If under this section the remuneration and payments, or the pro rata share thereof, in any week are less than the benefits which would otherwise be due under this

chapter for such week, such individual is entitled to receive for such week, if otherwise eligible, benefits reduced by the amount of such remuneration and payments."

(Emphasis added.)

According to the board, the dispositive issue in this case was whether DVA was "a base year employer of claimant" for purposes of ORS 657.205. Specifically, the board reasoned:

"With respect to ORS 657.205(1), the disputed issue is whether claimant's former employer, [DVA], was a base year employer of claimant. A 'base year employer' is any employer that paid wages to claimant during his base year. *See* ORS 657.266(2). 'Wages' means all remuneration for employment. ORS 657.105(1). 'Employment' means being in an employer-employee relationship during a period of time for which remuneration was paid or payable. OAR 471-030-0017(1)(a)(A) July 12, 2007. 'Remuneration' means compensation resulting from the employer-employee relationship. OAR 471-030-0017(1)(c).

"Claimant was in an employer-employee relationship with [DVA] from July 1995 to July 1997, a time for which compensation resulting from that relationship was payable. The overtime pay claimant received from [DVA] was compensation resulting from the employer-employee relationship that existed between them during that time. The overtime pay was remuneration for employment and, therefore, wages. The employer paid claimant the wages in November 2006, which was during claimant's July 1, 2006 through June 30, 2007 base year. Therefore, [DVA] was a base year employer of claimant.

"Claimant's monthly retirement payment covered a period greater than, and included, the week at issue. Therefore, [ORS] 657.205(2) requires that a pro rata share of the payment be apportioned to that week. Periodic retirement payments paid in other than weekly installments shall be converted in such a way as to achieve the same results as if they were paid in weekly installments. OAR 471-030-0020(2) December 23, 2001. Monthly payments shall be converted to equivalent weekly amounts by multiplying the monthly payments amount by the fraction 12/52 and rounding the result to the nearest multiple of $1. *Id.* Under that formula, claimant's monthly payment of $1692.00 converts

to an equivalent weekly amount of $390.00. $390.00 is less than the $463.00 which would otherwise have been due. Claimant's benefits for the week claimed must be reduced in accordance with ORS 657.205(5).

"We conclude that claimant received a retirement payment that reduced benefits otherwise due for the week at issue."

Claimant sought judicial review of the board's order in this court.

On review, claimant does not challenge any of the board's factual findings. With regard to the board's legal conclusions, claimant does not dispute the board's definitions of the terms "base year employer," "wages," "employment," and "remuneration" and does not directly challenge the board's reasoning as to their particular application to his case.[2] Rather, without explicitly confronting the board's analysis, claimant's only challenge to the board's legal conclusions is that "OAR 471-030-0017(3)(d) requires remuneration to be allocated to the period during which it was earned, July 1, 1995 to June 30, 1997, and not allocated to the date it was paid." According to claimant, "[c]orrectly applying this OAR will eliminate the class action settlement from being * * * base year remuneration."

Claimant's position rests on the premise that the November 2006 payment of overtime pay should be allocated to the weeks in 1995 through 1997 during which he performed the services and not to November 2006, when he received the payment. As noted, as support for that contention, he invokes OAR 471-030-0017(3), which provides, in part:

"Allocating Remuneration: *For purposes of ORS 657.100 and 657.150(6)* remuneration or an applicable pro-rata share thereof shall be allocated as follows:

---

[2] Although claimant argues on review that the board determined that "an employer-employee relationship was created in November 2006 between petitioner and [DVA]" as a result of the DVA's payment of overtime compensation, that argument mischaracterizes the board's order. In its order, the board expressly indicated that the overtime compensation that claimant received in November 2006 was payable as a result of the employer-employee relationship that existed between DVA and claimant from July 1995 to July 1997.

"(a)   In the case of services, allocated to the week in which the service was performed;

"* * * * *

"(d)   If the dates of sale or service are not clearly established, allocation shall be made upon a reasonable estimate provided by the claimant. If the individual cannot or will not provide a reasonable estimate, the remuneration shall be allocated equally over the period during which services were rendered or products were sold."

(Emphasis added.)

The fatal defect in claimant's position is that, as the text of OAR 471-030-0017(3) expressly provides, the rule applies only in two particular circumstances: (1) when determining whether an individual is unemployed pursuant to ORS 657.100; and (2) when determining, under ORS 657.150(6), whether "[a]n eligible unemployed individual who has employment in any week" has, as a consequence, a reduction in that week's unemployment benefits in light of the earnings from the employment. Those circumstances do not exist in this case. Here, there is no issue concerning whether claimant was unemployed. Further, there is no contention that claimant had employment during the week at issue that would have reduced his unemployment benefits pursuant to ORS 657.150(6).

In sum, OAR 471-030-0017(3) does not support claimant's sole challenge on review. For that reason, and in the absence of any other assertion that the board's findings or legal conclusions were erroneous, we affirm.

Affirmed.